**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SHAUN DEION SWINSON SR., )<br> )<br>Plaintiff, )<br> )          Civil No. 08-809 (RMU)<br>v. )<br> )<br>D.C. METRO. POLICE DEPARTMENT )<br> )<br>Defendant. )<br> ) | |

**DEFENDANT'S MOTION TO DISMISS THE COMPLAINT, OR IN THE
ALTERNATIVE, FOR SUMMARY JUDGEMENT**

Defendant District of Columbia Metropolitan Police Department[1] (hereinafter "Defendant" or "Department"), by and through undersigned counsel and pursuant to Fed. R. Civ. P 12(b)(6) and 56, respectfully moves this Honorable Court to dismiss the complaint, or in the alternative, grant it summary judgment. As grounds, the Defendant states that (1) Plaintiff failed to properly plead a violation of constitutional rights under 42 U.S.C. § 1983; (2) Plaintiff failed to comply with the statutory notice requirements of D.C. Code § 12-309; (3) Plaintiff's complaint is time-barred by the statute of limitations; and (4) the Department is *non sui juris* and therefore not a proper defendant in this lawsuit.

A memorandum of points and authorities in support of this motion, statement of undisputed facts, and proposed orders are attached hereto.

                                                Respectfully submitted,

                                                PETER J. NICKLES
                                                Acting Attorney General for the District of Columbia

                                                GEORGE C. VALENTINE
                                                Deputy Attorney General
                                                Civil Litigation Division

---

[1] The complaint named the Defendant as "D.C. Metro. Police Department."

/s/ Kimberly M. Johnson
KIMBERLY MATTHEWS JOHNSON [#435163]
Section Chief
General Litigation Section I

/s/ Lucy Pittman
LUCY PITTMAN [#483416]
Assistant Attorney General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001
(202) 442-9891 (phone)
(202) 727-3625 (fax)
lucy.pittman@dc.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 4, 2008, a copy of the foregoing motion, memorandum of points and authorities, statement of undisputed facts, and proposed orders were filed with the Court's electronic case filing system and sent by U.S. Mail, first-class, postage-prepaid, to:

Shaun Deion Swinson Sr.
Reg. #28452-016
FCI-Morgantown
Box 1000
Morgantown, West Virginia 26507-1000
*Pro Se Plaintiff*

/s/ Lucy Pittman
Lucy Pittman
Assistant Attorney General

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SHAUN DEION SWINSON SR.,           ) | |
|                                                              ) | |
|             Plaintiff,                              ) | |
|                                                              )   Civil No.  08-809 (RMU) | |
|         v.                                              ) | |
|                                                              ) | |
| D.C. METRO. POLICE DEPARTMENT  ) | |
|                                                              ) | |
|             Defendant.                          ) | |
| _____) | |

**DEFENDANT'S STATEMENT OF UNDISPUTED FACTS**

1. On May 12, 2008, Plaintiff filed the instant lawsuit against the Metropolitan Police Department alleging that he was unlawfully arrested and detained on December 11, 2005 (Complaint ¶ 1).

2. Plaintiff did not submit a letter or other writing to the Mayor detailing his claim (Exhibit A, Affidavit of Robert Carter).

                                         Respectfully submitted,

                                         PETER J. NICKLES
                                         Acting Attorney General for the District of Columbia

                                         GEORGE C. VALENTINE
                                         Deputy Attorney General
                                         Civil Litigation Division

                                         /s/ Kimberly M. Johnson
                                         KIMBERLY MATTHEWS JOHNSON [#435163]
                                         Section Chief
                                         General Litigation Section I

                                         /s/ Lucy Pittman
                                         LUCY PITTMAN [#483416]
                                         Assistant Attorney General
                                         441 4th Street, N.W.
                                         6th Floor South
                                         Washington, D.C. 20001

(202) 442-9891 (phone)
(202) 727-3625 (fax)
lucy.pittman@dc.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SHAUN DEION SWINSON SR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>D.C. METRO. POLICE DEPARTMENT )<br>)<br>Defendant. )<br>_____) | Civil No.  08-809 (RMU) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGEMENT**

Defendant District of Columbia Metropolitan Police Department (hereinafter "Defendant" or "Department"), by and through undersigned counsel and pursuant to Fed. R. Civ. P 12(b)(6) and 56, respectfully moves this Honorable Court to dismiss the complaint filed herein, or in the alternative, grant it summary judgment.  Plaintiff's allegations combine both common law tort and constitutional language making it unclear whether this action is brought under 42 U.S.C. § 1983 for a civil rights violation or under a common law torts theory.  Therefore, giving *Pro Se* Plaintiff the benefit of all inferences that can be plausibly drawn from his complaint, Defendant will address Plaintiff's claims as if they are brought under both theories.

As grounds for this motion, the Defendant states that: (1) Plaintiff failed to properly plead a violation of constitutional rights under 42 U.S.C. § 1983; (2) Plaintiff's false arrest claim is barred by D.C. Code § 12-309 and the applicable statute of limitations; and (3) the Department is *non sui juris* and therefore not a proper defendant to this lawsuit

**STATEMENT OF FACTS**

On May 12, 2008, Plaintiff filed the complaint alleging that on December 11, 2005, he was unlawfully arrested and detained by the Defendant (Complaint ¶ 1). Plaintiff claims that his arrest was unjustified because (1) the warrant did not exist and (2) the "fictitious" warrant was based on inaccurate information (Complaint, ¶ 2, Claims 2, 4). Plaintiff alleges that he incurred personal injury as a result of his detention (Complaint, Claim 3). Plaintiff seeks punitive damages in the amount of sixteen million dollars (Complaint, Relief D). Plaintiff did not submit a letter or other writing to the Mayor detailing his claim of false arrest (Exhibit A).

**STANDARD OF REVIEW**

In evaluating a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) a court must accept the allegations in the complaint as true. *See, e.g., Croixland Props. Ltd. Pshp. v. Corcoran*, 174 F.3d 213, 215 (D.C. Cir. 1999). All reasonable inferences must be drawn in favor of the plaintiff, and a court should only dismiss a complaint for failure to state a claim "'if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Id*. (*quoting Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

In a Rule 12(b)(6) analysis, while the complaint is to be construed liberally, courts "need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept the legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

"Complaints filed without the assistance of counsel . . . are held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Williams v. Moore*, 899 F.Supp. 711, 712 (D.D.C. 1995) (*quoting Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, "'a *pro se*

complaint, like any other, must present a claim upon which relief can be granted by the court.'" *Williams*, 899 F.Supp. at 712 (*quoting Henthorn v. Dep't of Navy*, 29 F.3d 682, 684 (D.C. Cir. 1994)).

On the other hand, a "motion for summary judgment test[s] the legal sufficiency of a cause of action." *Smith v. Washington Metro. Area Transit Auth.*, 631 A.2d 387, 390 (D.C. 1993). Summary judgment must be granted if the moving party demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P 56(c). Summary judgment is "regarded not as a disfavored procedural shortcut, but rather as an integral part" of the overall scheme of the rules of civil procedure, "which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (internal quotation omitted).

The party moving for summary judgment bears the initial responsibility of informing the trial court of the basis for its motion and identifying those portions of the record, which it believes demonstrate the absence of a genuine issue of material fact. *See Celotex Corp.*, 477 U.S. at 323; *see also Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1032 (D.C. Cir. 1988). The moving party has no burden however, of introducing evidence that negates the nonmovant's claim. *See Willoughby*, 863 F.2d at 1032. Instead, the moving party need only assert that there is a lack of necessary evidence to support plaintiff's case. At that point, the burden shifts to the non-moving party to show the existence of a genuine issue of material fact. *See Celotex Corp.*, 477 U.S. at 324. A trial court should enter summary judgment against a nonmoving party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.

In the instant case, Plaintiff's complaint is legally insufficient because he (1) failed to properly plead a claim under 42 U.S.C. § 1983, (2) failed to file his false arrest claim within the one year statute of limitations, and (3) named an entity that is *non sui juris*. Each of these reasons warrants a dismissal. However, Defendant files this motion in the alternative for summary judgment because Plaintiff also failed to comply with D.C. Code § 12-309, which is applicable to his false arrest claim. Defendant files an affidavit in support of its Section 12-309 argument and to the extent that the Court relies on that affidavit, the motion is converted into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d).

## ARGUMENT

### I. Plaintiff Failed to Properly Plead a Violation of Constitutional Rights Under 42 U.S.C. § 1983

To hold the a municipality liable under 42 U.S.C. § 1983, a plaintiff must show that the defendant implemented or executed a policy or custom that caused the deprivation of plaintiff's constitutional rights. *See Monell v. Dept. of Soc. Svcs*, 436 U.S. 658, 690–91 (1978); *Rogala v. District of Columbia*, 161 F.3d 44, 56 (D.C. Cir. 1998) (*per curiam*). Plaintiff thus has the burden of proving (1) that he was deprived of constitutional rights, and (2) that the deprivation was caused by a policy or custom of the defendant. *See Warren v. District of Columbia*, 353 F.3d 36, 38 (*citing Collins v. City of Harker Heights*, 503 U.S. 115, 123–24 (1992)).

In order to survive a motion to dismiss, a complaint must allege that a policy or practice caused the alleged constitutional violation. *See Dant v. District of Columbia*, 829 F.2d 69, 76-77 (D.C. Cir 1987) (stating that a complaint that fails to allege an established policy or practice caused the constitutional violation, fails to allege a necessary element of liability under 42 U.S.C. § 1983, and the claim must be dismissed) (*citing Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 691 (1978)).

Plaintiff's complaint fails to meet this burden. Plaintiff claims that Defendant arrested him without a warrant in violation of his rights. This bare assertion is insufficient to satisfy the requirements of 42 U.S.C. § 1983. There is no claim or allegation concerning the Defendant's policies, customs, or practices. Plaintiff did not meet the difficult burden established by case law and his claims under 42 U.S.C. § 1983 must be dismissed.

## II. Plaintiff's False Arrest Claim Must be Dismissed[1]

### A. Plaintiff Failed to Comply with D.C. Code § 12-309

Prior to filing any tort action against the District of Columbia, a claimant must submit a notice of claim letter pursuant to D.C. Code § 12-309:

> An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, *within six months after the injury or damage was sustained*, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage.

D.C. Code § 12-309 (2001 ed.) (emphasis added). *See Jones v. Ritter*, 2008 U.S. Dist. LEXIS 53922 (D.D.C. 2008) ("Compliance with [section 12-309's] terms is a mandatory prerequisite to filing a tort claim against the District of Columbia.").

---

[1] Plaintiff's complaint states five claims, "Unlawful Arrest," "Fictitious Warrant for Arrest," "Personal Injury," "Perjury," and "Jurisdiction." However, the factual allegation of each claim is merely a component of the common law tort of "False Arrest."

> The elements of the tort of false arrest and false imprisonment are: (1) the detention or restraint of one against his will within boundaries fixed by the defendant, and (2) the unlawfulness of the restraint. The focal point for these kinds of claims is normally whether the arresting officer was justified in arresting a plaintiff. . . . Justification can be established by showing that the arresting officer had probable cause for arrest of the plaintiff on the grounds charged or that he had a reasonable basis to believe that a crime had been committed and the officer acted in good faith in making the arrest.

*Edwards v. Okie Dokie, Inc.*, 473 F. Supp. 2d 31, 44 (D.D.C. 2007) (internal citations and quotations omitted).

Notice must be received within six months of the events that allegedly caused a claimant's injury. *See Kelton v. District of Columbia*, 413 A.2d 919, 921 (D.C. 1980) ("[t]he language of the statute . . . starts the clock at the moment the injury or damage was sustained." (internal quotation omitted)). The requirement that a plaintiff submit a written notice prior to filing a lawsuit is mandatory; absent a proper notice, the lawsuit is barred. "[B]ecause § 12-309 is in derogation of the common law concept of sovereign immunity, it must be strictly construed in favor of the sovereign, *i.e.*, against waiver of immunity." *Campbell v. District of* Columbia, 568 A.2d 1076, 1078 (D.C. 1990). If the required notice is not submitted, then the lawsuit is barred. "Heedful of the purposes served by the provision, the courts have unhesitatingly applied § 309 to bar suits in instances where claimants failed to provide timely and adequate notice of their claims." *Pinkney v. District of Columbia*, 439 F.Supp. 519, 525 (D.D.C. 1977).

Plaintiff did not submit a written notice of claim to the Mayor; therefore, his common law false arrest claim must be dismissed.

### B. Plaintiff's Claims of False Arrest are Time Barred by the Statute of Limitations

Plaintiff alleges that his arrest was unjustified because (1) the warrant did not exist and (2) the warrant was based on inaccurate information (Complaint, Claims 2, 4). Such a claim of false arrest is governed by a one-year statute of limitations set forth in D.C. Code § 12-301(4). If a plaintiff fails to file his claim within one year of the arrest then his claims must be dismissed. For claims of false arrest, the statute of limitations begins to run when the individual is arrested. *See DeKine v. District of Columbia*, 422 A.2d 981, 988 (D.C., 1980) (*citing Brewster v. Woodward & Lothrop, Inc.*, 530 F.2d 1016, 1017 (D.C. Cir. 1976)).

In the instant case, Plaintiff was arrested on December 11, 2005. Thus, the statute of limitations began to run on that date and expired on December 11, 2006. Plaintiff did not file the

instant action until after the expiration of the statute of limitation, on May 12, 2008.

Accordingly, Plaintiff's false arrest claim is barred by the statute of limitations.

### III. The Plaintiff Did Not Name a Proper Party Because the Metropolitan Police Department is *Non Sui Juris*

As an agency within the District of Columbia government, the Metropolitan Police Department is *non sui juris* and cannot be a party to this lawsuit. The law is clear that without statutory authority to the contrary, "bodies within the District of Columbia government are not suable as separate entities." *Braxton v. Nat'l Capital Hous. Auth.*, 396 A.2d 215, 216 (D.C. 1978). *See Hinton v. Metro. Police Dep't, Fifth Dist.*, 726 F.Supp. 875 (D.D.C. 1989) (holding that the Metropolitan Police Department's statutory duties and powers do not include a provision for it to sue or be sued thus the police department is not a proper party in the action).

The statutory powers and duties of the Metropolitan Police Department, set forth in D.C. Code Sections 5-101.01, *et seq.*, contain no provision for the Department to sue or to be sued in its own name.[2] Further, the Department was not created as a separate corporate body. Accordingly, because the only named defendant is not a proper party to this action, the case should be dismissed.[3]

### CONCLUSION

The Defendant requests a dismissal of the complaint, or in the alternative, for summary judgment because (1) Plaintiff failed to establish a violation of constitutional rights under 42 U.S.C. § 1983; (2) Plaintiff failed to comply with the statutory notice requirements of D.C. Code

---

[2] Compare the Department's statutory authority set forth at D.C. Code Section 5-101.01 *et seq.* with the statutory authority of the Water and Sewer Authority ("WASA") set forth at D.C. Code Section 34-2202.01 *et seq.* WASA was established as a corporate body with "an independent authority . . . that has a separate legal existence within the District government." D.C. Code § 34-2202.02(a). Among other general powers, the statute gave WASA the power "[t]o sue and be sued." *Id.* at 34-2202.03(1).

[3] Defendant notes that Plaintiff's request for relief includes a request for punitive damages. As a general rule, punitive damages are not awarded against a municipality. *See Daskalea v. District of Columbia*, 227 F.3d 433, 446-447 (D.C. Cir. 2000).

7

§ 12-309; (3) the Plaintiff's complaint is time-barred by the statute of limitations; and (4) the Department is *non sui juris*. Each of these reasons is sufficient to grant the Defendant's Motion.

WHEREFORE, Defendant respectfully requests this Court dismiss the Plaintiff's complaint or grant judgment in its favor.

>Respectfully submitted,
>
>PETER J. NICKLES
>Acting Attorney General for the District of Columbia
>
>GEORGE C. VALENTINE
>Deputy Attorney General
>Civil Litigation Division
>
>/s/ Kimberly M. Johnson
>KIMBERLY MATTHEWS JOHNSON [#435163]
>Section Chief
>General Litigation Section I
>
>/s/ Lucy Pittman
>LUCY PITTMAN [#483416]
>Assistant Attorney General
>441 4th Street, N.W.
>6th Floor South
>Washington, D.C. 20001
>(202) 442-9891 (phone)
>(202) 727-3625 (fax)
>lucy.pittman@dc.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SHAUN DEION SWINSON SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil No.  08-809 (RMU) |
| v. ) | |
| ) | |
| D.C. METRO. POLICE DEPARTMENT ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**ORDER**

Upon consideration of the Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgement, the Memorandum of Points and Authorities in Support thereof, any opposition thereto, and the entire record herein, it is this _____ day of _____ 2008, hereby,

ORDERED: that the Defendant's Motion is GRANTED; and it is

FURTHER ORDERED: that Plaintiff's complaint is hereby DISMISSED with prejudice.

_____
Judge Ricardo M. Urbina
United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SHAUN DEION SWINSON SR.,           ) | |
|                                                               ) | |
|           Plaintiff,                                    ) | |
|                                                               )   Civil No.  08-809 (RMU) | |
|           v.                                                ) | |
|                                                               ) | |
| D.C. METRO. POLICE DEPARTMENT  ) | |
|                                                               ) | |
|           Defendant.                                ) | |
| _____) | |

**ORDER**

Upon consideration of the Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgement, the Memorandum of Points and Authorities in Support thereof, any opposition thereto, and the entire record herein, it is this _____ day of _____ 2008, hereby,

ORDERED: that the Defendant's Motion is GRANTED; and it is

FURTHER ORDERED: that summary judgment is GRANTED in favor of the Defendant.

_____
Judge Ricardo M. Urbina
United States District Judge

Copies to:

    By E-filing:
        Lucy Pittman
        Assistant Attorney General
        441 4th Street, N.W.
        6th Floor South
        Washington, D.C. 20001
        *Counsel for the Defendant*

    By Mail:
        Shaun Deion Swinson Sr.
        Reg. #28452-016
        FCI-Morgantown
        Box 1000
        Morgantown, West Virginia 26507-1000
        *Pro Se Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHAUN D. SWINSON, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil No. 08-809 (RMU) |
| v. ) | |
| ) | |
| D.C. METRO. POLICE DEPARTMENT ) | |
| ) | |
| Defendant. ) | |
| ) | |

### AFFIDAVIT OF ROBERT CARTER

I, ROBERT CARTER, being duly sworn, state that the following is true to the best of my knowledge, information, and belief:

1. I am the Interim Claims Manager, Settlements and Judgments for the Tort Liability Division, District of Columbia Office of Risk Management. The Tort Liability Division receives, processes, and investigates potential claims against the District of Columbia, pursuant to D.C. Official Code § 12-309 (2001 ed.). The Office of Risk Management commenced to receive potential claims on January 15, 2004.

2. Receipt of written notice of claims against the District of Columbia, are forwarded directly to the Tort Liability Division for processing. When the Tort Liability Division receives notices of claims from either the Mayor's Office or directly, the Tort Liability Division records the receipt of such notice in its claims management system.

3. I have conducted a diligent search of the records placed in the claims management system in the Office of Risk Management. The result of this search has revealed that the Tort Liability Division of the District of Columbia Office of Risk Management never received a letter from Shaun D. Swinson, Sr. that referred to his December 11, 2005 arrest and claims arising

from his arrest as set forth in civil action no. 08-809.

*Robert Carter* (signature)

ROBERT CARTER

DISTRICT OF COLUMBIA, ss:

I, *Susana Suarez*, a Notary Public in and for the District of Columbia, do hereby certify that ROBERT CARTER, whose name is signed to the foregoing affidavit, bearing the date of the 19 day of June 2008, personally appeared before me and executed the said affidavit, and acknowledged the same to be his act and deed.

Given under my hand and official seal this 19 day of June 2008.

*Susana Suarez* (signature)

NOTARY PUBLIC

My Commission Expires:

SUSANA SUAREZ
NOTARY PUBLIC OF COLUMBIA
My Commission Expires
August 14, 2010

2