IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHAUN DEION SWINSON, SR. ) | Judge: Ricardo M. Urbina |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 08-809 |
| -vs- ) | |
| ) | |
| D.C. METRO POLICE ) | PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S |
| ) | MOTION TO DISMISS PLAINTIFF'S COMPLAINT |
| Defendant ) | OR IN THE ALTERNATIVE GRANT SUMMARY..... |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
COMPLAINT OR IN THE ALTERNATIVE GRANT SUMMARY JUDGEMENT
IN FAVOR OF THE PLAINTIFF**

**NOW COMES** the plaintiff, SHAUN DEION SWINSON, SR.(hereinafter "Plaintiff"), pro-se, respectfully requesting this Honorable Court to "STRIKE" the defendant's MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT at this time, or in the alternative grant SUMMARY JUDGEMENT in favor of the plaintiff. Although pursuant to rule 26 of the Fed.R.Civ.P., the plaintiff has not had an oppurtunity to seek discovery and other information/ material evidence before this Honorable Court to obtain his remedy, the defendant has not objected to the plaintiff' allegations. Therefore for these reasons and the points listed below, the plaintiff moves against the defendant's MOTION TO DISMISS and respectfully requests this Honorable Court to allow this case to proceed forward without dismissal or in the alternative grant SUMMARY JUDGEMENT in favor of the plaintiff.

******* POINTS *******

(1) Plaintiff <u>did</u> clearly state in is civil complaint claims upon which "relief" can be granted pursuant to rule 12(b)(6) of the Fed.R.Civ.P.

(2) The plaintiff's claim <u>is</u> in compliance with D.C. Code§12-309.

(3) The plaintiff's claim <u>is</u> in within its statute of limitations.

(4) The plaintiff's complaint <u>did</u> allege that a policy or practice caused the constitutional violation.

**RECEIVED**

SEP 0 2 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

(5) The plaintiff did submit a seperate MOTION TO AMEND to join the proper defendants in order to remain in compliance in these proceedings.

(6) The defendant did in fact violate the plaintiff's constitutional rights in which the defendants has agreed and stipulated in their response to the plaintiff's complaint.

The MOTION TO AMEND and an affadavit of facts in support of this motion are attached hereto.

## STATEMENT OF FACTS

On August 4,2008, the defendant filed a response to plaintiff's complaint requesting this Honorable Court to dismiss the plaintiff's complaint or in the alternative grant it summary judgement. The defendant alleged that plaintiff's complaint is legally insufficient because (1) plaintiff failed to properly plead a violation of constitutional rights under statute 42 U.S.C. §1983; (2) plaintiff failed to comply with the statutory notice requirement of D.C. Code§12-309; (3) the complaint was time barred by the statute of limitations; and (4) D.C. METRO POLICE is not proper defendant in this suit. **HOWEVER,** the defendant made no objections as to the violations of the plaintiff's constitutional rights. Plaintiff request this Honorable Court to grant dismiss the defendant's MOTION TO DISMISS or in the alternative grant SUMMARY JUDGEMENT in favor of the plaintiff.

## POINT #1

The defendant has requested this Honorable Court to dismiss the plaintiff's complaint pursuant to rule 12(b)(6) of the Fed.R.Civ.P. in which the defendant cites "In evaluating a motion to dismiss pursuant to Fed.R.Civ.P. 12 (b)(6), a court must accept the allegations in the complaint as true.", Croixland Ltd. Pshp. v. Corcoran, 174 F.3d 213, 215 (D.C. 1999); and "All reasonable inferences must be drawn in favor of the plaintiff, and a court should only dismiss a complaint for failure to state a claim"' if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Id. (quoting Hishon v. King Spalding , 467 U.S. 69,73 (1984).

The plaintiff clearly stated in his civil complaint the he was unlawfully arrested and detained (complaint ¶1); under false allegations (complaint ¶2); without warrant(complaint ¶3); unlawfully detained for 12 days before appearing

(2)

in front of a magistrate judge for bond hearing (complaint ¶4); and that this violation occurred in the District of Columbia (complaint ¶5). Thus grounds for relief, pursuant to rule 12(b)(6) were fully established. Therefore the plaintiff's complaint should not be dismissed.

### POINT #2

The defendant states in grounds (2) the plaintiff failed to comply with D.C. Code §12-309. Statute §12-309 _explicity_ states that the report in writing. by the METRO POLICE DEPARTMENT. in regular course of duty, is sufficient notice under this section. In addition, " Police reports are only acceptable _alternatives_ to formal notice which _must_ be give to District of Columbia in order to maintain suit against District; court is not free to go beyond express language of the statute and authorize any additional documents to meet state's presuit notice requirements.", D.C. Code 1981 §12-309. _Doe by Fein v. District of Columbia_, 1997, 697, A.2d 23, answer to certified question conformed to 124 F.3d 1309, 326 U.S. App. D.C. 337. District of Columbia key 36.

Although when the plaintiff was arrested, the officer's written police report that was taken in the regular course of duty was sufficient notice pursuant to D.C. Code §12-309, failureto comply with notice was no bar to the plaintiff's Federal action. Therefore the plaintiff's motion should not be dismissed.

### POINT #3

The defendant states in ground (3) the plaintiff's claim was time barred by the statute of limitations. The defendant has mistakenly assumed that the plaintiff brought forth this action as a FALSE ARREST claim governed by the 1 year statute of limitations set forth in D.C. Code§12-301(4). However, the plaintiff brought forth this action for DAMAGES as a result of "Constitutional violations" in his unlawful arrest and imprisonment in which the statute of limitations set forth in D.C. Code §12-301(2,3) is 3 years. The plaintiff was arrested on 12/11/2005 and the statute of limitations would not expire until 12/11/2008. There fore the plaintiff's claim for damages should not be dismissed.

### POINT # 4

The defendant cited on page 4 in its MOTION TO DISMISS. "In order to survive a motion to dismiss, a complaint must allege that a police or practice caused the alleged constitutional violation." _Dant v. District of Columbia_, 829 F.2d 69, 76-77 (D.C. Cir 1987).

The plaintiff clearly established in his complaint misconduct that was against governmental policy and how the unlawful practices of the arresting officers caused the constitutional violations. Therefore the plaintiff's complaint must survive the defendant's motion to dismiss.

### POINT # 5

The defendant stated in its MOTION TO DISMISS that the plaintiff's complaint was unclear whether this action was brought under a common law tort theory or under statue 42 U.S.C. §1983 for a civil rights violation as the defendant states in grounds (1) that the plaintiff failed to properly plead a violation of constitutional rights under 42 U.S.C. §1983. Although "Pro-se litigants pleadings are to be construed liberally and held to less stringent standard than formal pleadings drafted by lawyers; if court can reasonably read pleadings to state valid claim on which litigant could prevail; it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction or **litigant's unfamiliarity with pleading requirements.**" Taylor v. U.S. Probation Office, 409 F.3d 426 (D.C. 2005); Boag v. MacDougall, 454 U.S. 364, 70 LEd2d 551, 102 SCt 700 (1982), the plaintiff has filed a seperate MOTION TO AMEND in which the plaintiff has requested the assistance of this Honorable Court to construe the amendment of his complaint and join the proper defendants in this Federal suit for damages (see attached amendment). Therefore the plaintiff's claim should not be dismissed.

### POINT #6

The defendant did knowingly violate the plaintiff's constitutional rights. Before making a response to the defendant's allegations, the defendant requested a 40 day extension to thoroughly investigate the plaintiff's allegations. The defendant made no objections to the plaintiff's allegations in their MOTION TO DISMISS. The defendant therefort must agree and stipulate with the plaintiff. The defendant's only response were time restraints and failure to submit a notice of compliance in which neither bars the plaintiff's claim.

Therefore the fact that the plaintiff's complaint is not procedurally barred and the defendant made no objections to the plaintiff's constituional violations, constitute grounds for summary judgement. The plaintiff's request this Honorable Court to grant SUMMARY JUDGEMENT in favor of the plaintiff.

## CONCLUSION

The plaintif has clearly established violations of his constitutional rights that were supported by the facts in his civil complaint. However, after having been granted a 40 day extension to make a more thorough investigation of the plaintiff's allegations, the defendant's only responses were based on time restraints and a notice of compliance. Neither of which barred the plaintiff's claim. Above and beyond the fact that the plaintiff met these burdens, the fact that plaintiff was arrested by Federal officer's, in their official capacity and under a "color of law", made an arrest without probable cause, then unlawfully detained and witheld the plaintiff from appearing before a magistrate for a bond hearing until his 12th day of inceration, is utterly **"SHOCKING TO THE CONSCIENCE"**. The law does not support such conduct or constitutional violations in which the defendant made no objections to committing these acts in their response to plaintiff's complaint.

Therefore the plaintiff prays and humbly request that this Honorable Court "STRIKE" the defendant's MOTION TO DISMISS and or in the alternative grant SUMMARY JUDGEMENT to the plaintiff.

Respectfully submitted,

Dated 08/22/2008

Shaun Deion Swinson, Sr. 28452-016
FCI Morgantown
PO Box 1000
Morgantown, WV 26507-1000