## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SHAUN DEION SWINSON, SR.,        :
                                  :
                  Plaintiff,      :        Civil Action No.:  08-0809 (RMU)
                                  :
            v.                    :        Document No.:    18
                                  :
                                  :
D.C. METRO POLICE                 :
DEPARTMENT *et al.*,              :
                                  :
                  Defendants.     :

## MEMORANDUM OPINION

### GRANTING THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

In this civil action brought *pro se* by a federal prisoner, the plaintiff alleges that he was unlawfully arrested and detained on December 11, 2005.  In his amended complaint, the plaintiff sues the District of Columbia, the Metropolitan Police Department ("MPD"), the Mayor in his official and individual capacity, the Chief of Police in her official and individual capacity, the Federal Protective Service Agency, "Insp. Williams" and "Ofc. Bland."[1] Am. Compl. at 1.  The District of Columbia, the MPD and the Mayor (collectively "the defendants") move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or for summary judgment pursuant to Rule 56.  Upon consideration of the parties' submissions and the entire record, the court grants the movants' motion for summary judgment and dismisses the complaint against the remaining defendants pursuant to the screening provisions of the Prison Litigation Reform Act ("PLRA") codified at 28 U.S.C. § 1915A.

---

[1]    The docket does not reflect the issuance of summonses to and service of process upon the Chief of Police, the Federal Protective Service Agency, Insp. Williams or Ofc. Bland, all of whom were first named as defendants in the amended complaint.

## II. BACKGROUND

The plaintiff argues that his arrest on December 11, 2005 violated his right to due process because the "defendants alleged that the plaintiff had an outstanding warrant for failing to appear at trial for possession of marijuana in Virginia," Am. Compl. ¶ 2, but failed to produce the warrant at the precinct, *id*. ¶ 4.  He contends that he was unlawfully detained for 12 days "before being taken before a Magistrate Judge in Virginia."  *Id*. ¶ 5.  The plaintiff advances the following claims: unlawful arrest, unlawful detainer, gross negligence, personal injury and fraud.  *Id*. at 2. The plaintiff seeks an admission from the defendants "that there was never an arrest warrant for the plaintiff," *id*., and monetary damages, *id*. at 3.

## III. ANALYSIS

### A. Legal Standard for Rule 56 Motion for Summary Judgment

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995).  To determine which facts are "material," a court must look to the substantive law on which each claim rests.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A "genuine issue" is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action.  *Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 248. In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true.  *Anderson*, 477 U.S.

at 255.  A nonmoving party must establish more than "the mere existence of a scintilla of evidence" in support of its position, *id.* at 252, and may not rely solely on allegations or conclusory statements, *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999); *Harding v. Gray*, 9 F.3d 150, 154 (D.C. Cir. 1993).  "The object of [Rule 56(e)] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit," *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888 (1990), but to identify a genuine issue of material fact.  The nonmoving party must present specific facts that would enable a reasonable jury to find in its favor.  *Greene*, 164 F.3d at 675.  If the nonmoving party's evidence "is merely colorable, or is not significantly probative, summary judgment may be granted."  *Anderson*, 477 U.S. at 249-50 (internal citations omitted).  "The removal of a factual question from the jury is most likely when a plaintiff's claim is supported solely by the plaintiff's own self-serving testimony, unsupported by corroborating evidence, and undermined [] by other credible evidence[.]"  *Johnson v. Washington Metropolitan Area Transit Authority*, 883 F.2d 125, 128 (D.C. Cir. 1989) (citations omitted).

　　　To prevail on a motion for summary judgment, the moving party must show that the nonmoving party "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex*, 477 U.S. at 322.  By pointing to the absence of evidence proffered by the nonmoving party, a moving party may succeed on summary judgment.  *Id.*

### B. The Mayor and the MPD are Entitled to Judgment as a Matter of Law

　　　The defendants rightly assert that the plaintiff has not stated a claim against the Mayor in

his personal capacity because the allegations in the complaint fail to establish the Mayor's

personal involvement in the alleged wrongdoing, *see Cameron v. Thornburgh*, 983 F.2d 253, 256

(D.C. Cir. 1992), and the official-capacity claim is, in effect, against the District of Columbia,

*Kentucky v. Graham*, 473 U.S. 159, 165 (1985).  In addition, the defendants rightly assert that the

complaint against the MPD should be dismissed because the MPD is not an entity that may be

sued separately from the District of Columbia.  *See Hinton v. Metro. Police Dep't, Fifth Dist.*,

726 F. Supp. 875 (D.D.C. 1989).[2]

### C.  The Defendants are Entitled to Judgment on the Federal Claim

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege the deprivation of

"rights, privileges, or immunities secured by the Constitution and laws" by a person acting under

color of state, territorial or District of Columbia law.  42 U.S.C. § 1983.  A municipality may be

liable as a person under § 1983 but only if the alleged wrongdoing resulted from an

unconstitutional policy, practice or custom promulgated or sanctioned by the municipality.  *See*

*Atchinson v. Dist. of Columbia*, 73 F.3d 418, 420 (D.C. Cir. 1996).  To determine municipal

liability under 42 U.S.C. § 1983, the district court must conduct a two-step inquiry.  *Baker v.*

*Dist. of Columbia*, 326 F.3d 1302, 1306 (D.C. Cir. 2003).  First, the court determines whether the

plaintiff establishes a predicate constitutional or statutory violation.  *Id.*; *see also Hoai v. Vo*, 935

F.2d 308, 312 (D.C. Cir. 1991).  If so, the court then determines whether the complaint states a

claim that a custom or policy of the municipality caused the violation.  *Id.*; *Monell v. Dep't of*

---

[2]     The defendant also argues that the plaintiff's false arrest claim is barred by the District's one-
year statute of limitations, but it is unclear from the record whether the plaintiff has remained
incarcerated since his arrest.  If so, the statute of limitations is tolled.  *See* D.C. Code  § 12-
302(a)(3) (tolling the limitations period if a claimant is disabled by, *inter alia*, imprisonment).
Because the case can be resolved on other grounds, the court will not prolong the proceedings by
seeking additional information to address this argument.

*Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978).

The plaintiff's claim fails on the first requirement.  Other than a passing reference to due process, the plaintiff has not stated any facts in the amended complaint that support a constitutional violation.  This omission is reason enough to dismiss the § 1983 claim.  *Bowman v. Dist. of Columbia*, 477 F. Supp.2d 217, 221 (D.D.C. 2007).  In any event, the police report prepared on the date of the arrest states that the plaintiff was arrested after an "NCIC check [revealed] the defendant had an outstanding warrant in Richmond, Virginia."  Def.'s Ex. A at 2 (listing warrant number).  The plaintiff disputes the existence of a warrant, but he has not produced any evidence questioning the validity of the contemporaneously prepared police report or the officer's good-faith reliance on the "national law enforcement database known as the National Crime Information Center (NCIC)."  *Valdes v. U.S.*, 475 F.3d 1319, 1334 (D.C. Cir. 2007).  Nor has the plaintiff claimed that the warrant flagged by NCIC was invalidated by the issuing court or that he was the victim of mistaken identity.

The defendant's evidence of a presumptively valid arrest, then, belies any claim of constitutional dimension against the arresting officer or "the official charged with maintaining custody of the accused named in the warrant."  *Baker v. McCollan*, 443 U.S. 137, 146 (1979); *see id*. at 146 (stating, "[w]hatever claims this situation [arrest and eight-day detention] might give rise to under state tort law, we think it gives rise to no claim under the United States Constitution"); *Harper v. McDonald*, 679 F.2d 955, 959 (D.C. Cir. 1982) (noting that "[t]he key factor in the Court's decision in Baker was that respondent had been arrested pursuant to a facially valid warrant").  Even if "the defendants never produced the alleged warrant" at the police precinct, Compl. ¶ 4, this fact alone does not negate the evidence establishing the officer's

probable cause to arrest the plaintiff.  In the absence of any evidence of a constitutional violation stemming from the plaintiff's arrest, the court concludes that the plaintiff has failed to state a § 1983 claim and, thus, grants summary judgment to the movant on the federal claim.  *See Baker*, 443 U.S. at 146 (holding that "[s]ection 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law[, which] must be sought in state court under traditional tort-law principles").

### D.  The Plaintiff Failed to Comply With the District's Statutory Notice Requirement

The District of Columbia asserts that the common law claims should be dismissed because the plaintiff failed to provide proper notice of a claim pursuant to D.C. Code § 12-309. Under that provision:

> An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage. A report in writing by the Metropolitan Police Department, in regular course of duty, is a sufficient notice under this section.

D.C. Code § 12-309.

To bring tort claims against the District of Columbia, a plaintiff must provide written notice (of the approximate time, place, cause and circumstances of the injury or damage) to the Mayor of the District of Columbia within six months of sustaining the injury or damage.  *Dist. of Columbia v. Campbell*, 580 A.2d 1295 , 1298 (D.C. 1990) (holding that the plaintiff did not meet the D.C. Code § 12-309 notice requirement with regard to claims, including negligence, against the District of Columbia); *Shehyn v. Dist. of Columbia*, 392 A.2d 1008, 1013-14 (D.C. 1978) (noting that § 12-309 applies to claims arising out of tortious conduct of employees of the District). Compliance with the timely notification requirement of § 12-309 is strictly applied.

6

*Dist. of Columbia v. Dunmore*, 662 A.2d 1356 (D.C. 1995) (stating that § 12-309 is construed narrowly against claimants and compliance with its terms is "mandatory as a prerequisite to filing suit against the District") (internal citation omitted).

The plaintiff has not countered the District's evidence that it received no such notice from him with regard to his arrest on  December 11, 2005, Def.'s Ex. B, Aff. of Robert Carter  ¶ 3, and his reliance on the police arrest report, Pl.'s Opp'n at 3, is misplaced.  Section 12-309 is intended to "provide an early warning to District of Columbia officials regarding litigation likely to occur in the future." *Pitts v. Dist. of Columbia*, 391 A.2d 803, 807 (D.C. 1978).  "[A] police report of an arrest is presumptively devoid of any notice of a potential claim of injury or damage from false arrest, assault and battery, or negligence." *Allen v. Dist. of Columbia*,  533 A.2d 1259, 1263 (D.C. 1987); *see Pitts,* 391 A.2d at 808 (noting cases that have "held that a police arrest report is not notice to the District of a possible False arrest") (citations omitted).  The police arrest report shows that the plaintiff was arrested on an outstanding warrant from Virginia.  Def.'s Ex. A. Because the report suggests a lawful arrest, it cannot reasonably serve as sufficient notice of an "injury or damage."  D.C. Code § 12-309; *see Jenkins v. Dist. of Columbia*, 379 A.2d 1177, 1178 (D.C. 1977) (report must "actually notify the District of Columbia of the injury claimed") (citation omitted).  "[N]otice is fatally defective if[, as here,] one or more of the statutory elements is lacking." *Boone v. Dist. of Columbia*, 294 F. Supp. 1156, 1157 (D.D.C. 1968).  For these reasons, the plaintiff cannot maintain the common law claims against the District.

### E.  The Remainder of the Complaint is Dismissed Pursuant to 28 U.S.C. § 1915A

The PLRA requires the court to screen and dismiss "as soon as practicable" a prisoner's complaint that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A (a)-

(b)(1).  In view of the determination that the plaintiff has not stated a federal claim, the court

declines to exercise supplemental jurisdiction over any common law claims against the unserved

individually named defendants.[3]


## IV.  CONCLUSION

For the foregoing reasons, the court therefore grants the defendants' motion for summary

judgment and dismisses the complaint in its entirety.  An Order consistent with this Memorandum

Opinion is separately and contemporaneously issued this 12th day of May 2009.


RICARDO M. URBINA
United States District Judge

---

[3]        Presumably plaintiff may seek redress of such claims in the Superior Court of the District of
Columbia.

8